**In re Rodney MOSS, Debtor.**

**Bankruptcy No. LAX 85–54461–AA.**

United States Bankruptcy Court,
C.D. California.

Sept. 26, 1988.

Leslie A. Cohen, Levee & Eisenberg, Los Angeles, Cal., for debtor.

Elsie Davis, Los Angeles, Cal., Standing Trustee.

## OPINION

ALAN M. AHART, Bankruptcy Judge.

### I

### FACTS AND PROCEDURAL HISTORY

Debtor, an attorney at law, filed a petition under Chapter 13 of the Bankruptcy Code on September 6, 1985. Debtor's Chapter 13 Statement listed $5,590 in monthly take-home pay and $4,590 in monthly expenses. Debtor proposed a plan that was subsequently amended. The amended plan provided, *inter alia*, that the debtor would pay to the trustee future earnings of $1,000 per month for 36 months and that unsecured creditors holding claims totalling $91,224 would receive $33,120.30, or a dividend of about 36%. No one objected to the amended plan, (hereinafter the "plan") and an order confirming the plan was entered on December 16, 1985. The order became final 10 days later.

The debtor paid a total of $39,660.00 to the trustee. Of this, $7,760 was sent to the trustee on March 22, 1988, in the form of seven (7) checks for $1,100 each and one check for $60.00 for additional attorney's fees. The March 22, 1988 checks completed the debtor's payments under the plan about seven months earlier than required.

On March 29, 1988, the trustee filed and served an objection to the debtor's discharge. · This objection asserted that the debtor failed to comply with 11 U.S.C. Section 1325 (b)(1)(B) requiring a Chapter 13 debtor to devote all of his projected disposable income to be received during the three years following the due date of the first plan payment to make payments under the plan. The objection alleged that the trustee had received all payments required by the plan due through November 1988, including $7,760 on March 23, 1988, that the debtor's actual monthly take home pay in 1985 and 1986 was $6,756.09 and $5,919.07, respectively, that the debtor had not furnished proof of income for 1987, and that the confirmed plan paid unsecured creditors 40% of their claims. The trustee also contended that, because the debtor's legal obligation to make payments to his ex-spouse ended in January 1986, after that date the debtor had additional income available to pay unsecured creditors.

Notwithstanding the trustee's objection, an order granting the debtor a discharge was signed on April 1, 1988. Consequently, the trustee also filed a motion to vacate the discharge order.

The debtor filed a response to the trustee's objection, contending that all payments under the plan had been made and that the order confirming the plan was final and non-appealable. The debtor also argued that sections 1325 and 1329 of Title 11 of the United·States Code do not apply to the case at bar because section 1325 only applies before a plan is confirmed and section 1329(a) does not permit modification after all payments under a plan have been made.

### II

### ANALYSIS

A. *The "Disposable Income" Test ·of Section 1325(b) Does Not Apply at the Time of Discharge*

■ 11 U.S.C. section 1325(b)(1)(B) states, in pertinent part:

"... [a]ll of the debtor's *projected* disposable income to be received in the three-year period beginning on the date

that the first payment is due under the plan will be applied to make payments under the plan." (Emphasis added.)

It is patently obvious that this section deals with the requirements for confirming a plan, and has no direct bearing upon whether a debtor receives a discharge after payments are completed. There are two reasons for this. First, this provision is directed toward future performance: *projected* disposable income *to be received will be applied* to make plan payments. Second, because section 1328 of the Code specifically deals with discharge of a Chapter 13 debtor, section 1325(b)(1)(B) cannot be used as a basis for determining whether a debtor will receive a discharge.

B. *Expiration of the Court Order to Make Spousal and Child Support Payments Did Not Obligate the Debtor to Increase Plan Payments*

▮ As noted above, the trustee argued that, because the debtor was not required by law to pay spousal and child support after January 1986, an additional $1700 per month should have been paid into the plan. For the reasons stated in the preceding and in the other sections of this opinion, this change in circumstances does not affect the debtor's right to receive a discharge under Chapter 13. Furthermore, because the definition of "disposable income" in section 1325(b)(2)(A) excludes income that is reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor, it appears that the debtor may continue to pay some, if not all, of the $1700 monthly payments without having to increase the amount of "disposable income" devoted to his Chapter 13 Plan.

C. *The Plan Cannot Be Modified After All Required Payments Are Made*

▮ Section 1329 of the Code sets forth the requirements for modifying a Chapter 13 plan after confirmation. Paragraph (a) of this section provides that a plan may be modified "[a]t any time after confirmation of the plan *but before the completion of payments under such plan.*" (Emphasis added.) Since this section does not state

that a Chapter 13 plan may be amended *after* payments are completed, the only reasonable interpretation of section 1329(a) is that a plan cannot be modified once all payments have been made. See *Matter of Gregory*, 705 F.2d 1118, 1122 n. 5 (9th Cir.1983) (plan amendment made after all payments were completed was unauthorized); *In re Vlavianos*, 71 BR 789, 793 (W.D.Va.1986) (debtor cannot amend plan after all payments have been made). *See also GAF Corp. v. Milstein*, 453 F.2d, 709 (2d Cir.1971) (quoting in part *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 420, 88 S.Ct. 2186, 2193, 20 L.Ed.2d 1189 (1968) "We are well aware of the first catechism of statutory construction which teaches that we should begin the process on interpretation with 'the language of the statute itself.' ")

▮ In the instant case the debtor made his final payments by March 23, 1988. While section 1328(a) does not specify whether "payments" as used therein refers to the payments the debtor makes to the trustee or to the payments that the trustee or debtor makes to creditors, it is reasonable to construe the language to apply to the payments made by the debtor to the trustee. Under this interpretation, the debtor will have an incentive to make all required payments as promptly as possible because the debtor will be assured of receiving a discharge when the debtor's payments are completed. (See discussion in section E below.) Moreover, negligence, delay or malfeasance by the trustee in transmitting payments to creditors will not prejudice the debtor's right to a discharge. As a result, the plan cannot be modified because the debtor has made all payments called for by the plan.

D. *Even if the Plan Could Be Modified, the Court Could Not Require the Debtor to Devote More of his Disposable Income to the Plan*

▮ The grounds for modifying a Chapter 13 plan after confirmation are found in section 1329 of the Code.

A plan may be modified to increase or reduce the amount of payments or the time

for making payments to a class of creditors, or to change the amount paid to a creditor who is receiving payments other than under the plan, such as from a co-signer or guarantor. 11 U.S.C. section 1329(a). To confirm a plan in the first instance, sections 1322, 1325 and 1326 must be complied with. In addition, if a plan is modified before confirmation, section 1323 must also be satisfied. Paragraph (b) of section 1329 incorporates most, but not all, of these same requirements. Although section 1329(b) does not refer to section 1322(c), which limits the duration of a plan, section 1329(c) sets forth a nearly identical requirement. Section 1329(c) permits payments to be made up to 5 years after the first payment under the original confirmed plan became due, and section 1322(c) states that the court may not approve a payment period longer than five years. (Section 1326(a)(1) provides that the debtor must begin making payments *proposed* by a plan within 30 days after the plan is filed. But it is not clear whether section 1326(a) establishes the *beginning* of the plan period.)

Similarly, the functional equivalents of sections 1323(a) and 1323(b) are found in paragraphs (a) and (b)(2) of section 1329. However, section 1329(b)(1) does not mention section 1325(b), the provision that may require a debtor to devote all of his projected disposable income for 3 years to make payments under the plan. Since section 1329 specifically lists the provisions of Chapter 13 that apply to a post confirmation modification, and since paragraph (b) of section 1325 is omitted from this list, it seems clear that a court should not re-examine the debtor's disposable income before deciding whether to approve a post-confirmation modification to a Chapter 13 plan.

E. *The Debtor's Discharge Cannot Be Denied Because the Debtor Has Made All Payments Called For By the Plan*

Section 1328(a) states in pertinent part:

"As soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge ..."

The House Report on this section states: "Subsection (a) requires the court to grant the debtor a discharge as soon as practicable after the completion of all payments under the plan." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 430–31 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6385–86.

Since the debtor has made all of the payments required under the plan, and since there are no other conditions for receiving a discharge under Chapter 13, the debtor is entitled to receive his discharge.

III

CONCLUSION

The disposable income provision of section 1325(b) does not apply to modification of a Chapter 13 plan after confirmation. Once the debtor completes the payments called for by the plan, the plan cannot be modified and the debtor is entitled to a discharge. Therefore, the trustee's objection to discharge is overruled, her motion to vacate discharge is denied, and the debtor's discharge is affirmed.