In the Matter of Glen Edgar ROBERTS, Martha June Roberts, Debtors.

Bankruptcy No. 86–31785 HCD.

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Aug. 23, 1991.

R. William Jonas, Jr., South Bend, Ind., for debtors.

Joseph D. Bradley, South Bend, Ind., trustee.

Karen Courtney, Ft. Wayne, Ind., for Farm Credit Services of Mid–America.

## MEMORANDUM OF DECISION

HARRY C. DEES, Jr., Bankruptcy Judge.

On February 11, 1991, Glen Edgar Roberts and Martha June Roberts, the debtors herein, filed their APPLICATION FOR DISCHARGE UPON COMPLETION OF CHAPTER 12 PLAN. On March 6, 1991, Farm Credit Services of Mid–America, ACA ("Farm Credit") filed its OBJECTION TO THE DEBTORS' APPLICATION FOR DISCHARGE. On March 20, 1991, the debtors filed their MOTION TO STRIKE OBJECTION TO DISCHARGE FILED BY FARM CREDIT SERVICES OF MID–AMERICA, ACA. The court held a continued hearing on the debtors' application and Farm Credit's objection thereto on June 14, 1991, and took the matters under advisement on July 1, 1991, following the time allowed for submitting briefs. For the reasons set forth below, the court now determines that Farm Credit has standing to object to the debtors' application and reschedules a pre-trial conference on the merits of the parties' dispute.

### Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and Northern District of Indiana General Rule 45, the United States District Court for the Northern District of Indiana has referred this case to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2)(J). This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Background

The debtors filed their petition under Chapter 12 of the Bankruptcy Code on De-

cember 24, 1986. The court confirmed the debtors' plan on May 3, 1988. In their application the debtors alleged that they have completed those payments required under the plan with the exception of the payment of their long-term obligations to Farm Credit. Debtors' application at 1 (February 11, 1991). The debtors requested that the court enter a discharge pursuant to 11 U.S.C. § 1228 with respect to their unsecured debts listed in Class 4 of the plan and debts specified in 11 U.S.C. § 523(a)(2), (4), and (6).[1] *Id.* The debtors indicated that their discharge should not apply to their long-term obligations to Farm Credit Services of Mid–America, ACA, which are evidenced by new promissory notes delivered in accordance with their plan and 11 U.S.C. § 1222(b)(9). *Id.*

Farm Credit, a secured and unsecured creditor of the debtors, objected to the debtors' application, submitting that the debtors failed to commit all of their disposable income to their plan as 11 U.S.C. § 1225(b)(1)(B) requires. Farm Credit's objection at 2 (March 6, 1991). Farm Credit noted that in January of 1991 its Special Accounts Loan Officer, Vincent Bailey, visited the debtors' farm to inspect its collateral. *Id.* At that time Mr. Roberts allegedly informed Farm Credit that the debtors had purchased two John Deere tractors, a John Deere Combine, a John Deere 20–feet platform, and a John Deere cornhead from confirmation of their plan to January 1991. *Id.* Farm Credit argued that the fair market value of the additional equipment purchased is from $80,000 to $85,000 and that the purchase of the equipment would have enabled the debtors to farm approximately 2,000 more acres than they intended to farm in 1991. *Id.* Farm Credit submitted that the purchase of the equipment was not necessary for the support or maintenance of the debtors or their dependents or the continuance, preservation, and operation of their business. *Id.* Farm Credit contended that the debtors improperly diverted a portion of their disposable income to pay for the additional equipment and thus asked the court to deny their application for discharge. *Id.*

The debtors filed their MOTION TO STRIKE OBJECTION TO DISCHARGE FILED BY FARM CREDIT SERVICES OF MID–AMERICA, ACA on March 20, 1991, in which they argued that Farm Credit has no standing to object to their application for discharge. The debtors submitted that the entry of discharge following completion of a debtor's payments under a Chapter 12 plan "is a ministerial act" and that pursuant to 11 U.S.C. § 1202(b)(1) the trustee is the only party who may object to a debtor's discharge. Debtors' motion at 1 (March 20, 1991). The debtors noted that the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure contain no provisions permitting a creditor to object to discharge under these circumstances and thus took the position that a creditor has no right to object to the entry of discharge after completion of payments under a Chapter 12 plan. *Id.* at 2. The debtors further argued that an objection based upon 11 U.S.C. § 1225(b)(1)(B) is inappropriate after debtors have made their payments under a Chapter 12 plan. *Id.* at 2–3, citing *In re Moss,* 91 B.R. 563 (Bankr. C.D.Cal.1988) (a Chapter 13 case).

In its brief filed in response to the debtors' motion, Farm Credit agreed that the Bankruptcy Code and the applicable rules do not specifically allow creditors to challenge whether debtors have contributed all of their disposable income to fund their plan upon completion of payments under a Chapter 12 plan. Farm Credit's brief at 1–2 (June 27, 1991). Farm Credit argued, though, that the Bankruptcy Code and rules do not preclude creditors from objecting to the debtors' net disposable income calculation at the end of a case. *Id.* at 4. Farm Credit submitted that the court should require debtors to be financially accountable throughout the bankruptcy process if they are to receive the benefits of the Bankruptcy Code. *Id.* at 2. Specifically, Farm Credit argued that the debtors are

---

**1.** The debtors apparently included the latter part of this request in their application by error. Obligations specified in 11 U.S.C. § 523 are excepted from discharge in Chapter 12 cases pursuant to § 1228(a)(2).

obligated to provide the court an accurate itemization of their living expenses which apparently jumped from $26,197 in 1988 to $50,127 in 1989 and submitted that the debtors (as farmers with unpredictable income) are obligated to pay their actual net disposable income to fund their plan. *Id.* at 8–9. As the debtors allegedly did not disclose all of the disposable income which they received throughout the life of their plan and did not commit their additional disposable income to fund their plan, Farm Credit asserted that the debtors failed to make all of their payments under their Chapter 12 and are not entitled to discharge at this time. *Id.* at 2–4, citing *In re Schwarz*, 85 B.R. 829 (Bankr.S.D.Iowa 1988). Farm Credit therefore submitted that the court should grant its motion to delay the debtors' discharge pending investigation of their finances. *Id.* at 6. Farm Credit stated that it had *no opportunity* prior to this time to challenge the debtors' payments under their plan and their purchase of equipment with post-confirmation assets because the trustee did not determine the debtors' net disposable income and did not investigate the debtors' financial affairs. *Id.* at 11.

Alternatively, if the debtors purchased the equipment in controversy with pre-confirmation assets, Farm Credit argued that the debtors failed to properly consummate their plan which should have run through May of 1991, three years from the date the debtors purchased the equipment. *Id.* at 12. Farm Credit noted that the debtors have not filed reports for January through May of 1991. Farm Credit argued that if the debtors' plan actually ended before January 1991, it must have begun in January 1988 and the debtors must provide complete information regarding their expenditures for equipment after that time. *Id.* at 13. Farm Credit indicated it has filed a motion for examination of the debtors in order to obtain this information and determine if a request to modify the debtors' confirmed plan is appropriate. *Id.* at 14.

The debtors, however, have declined to participate in the examination. *Id.*

### Discussion and Decision

■ Initially, the court must consider whether Farm Credit has standing to object to the entry of the debtors' discharge. The parties are correct in noting that the Bankruptcy Code and Federal Rules of Bankruptcy Procedure do not expressly permit a creditor to object to the entry of discharge upon completion of payments under a Chapter 12 plan. Pursuant to 11 U.S.C. § 1202(b)(1), a trustee alone has the obligation set forth in § 704(6) to object to the debtor's discharge "if advisable." 11 U.S.C. § 704(6) (Lawyers Co-operative 1991). The Bankruptcy Code further grants both trustee and the holders of allowed unsecured claims the right to request modification of a debtor's plan after confirmation but before the debtor has finished making payments under the plan. 11 U.S.C. § 1229(a) (Lawyers Co-operative 1991). The Bankruptcy Code also indicates that a party in interest may ask the court to revoke a debtor's discharge if the debtor obtained the same through fraud and if "the requesting party did not know of such fraud until after such discharge was granted." 11 U.S.C. § 1228(d). (Lawyers Co-operative 1991). Notably, a discharge may be entered only after a debtor has completed all payments under the plan, other than payments to holders of certain allowed claims. 11 U.S.C. § 1228(a) (Lawyers Co-operative 1991).

The court has been able to locate only one published decision in which a creditor challenged the debtors' right to discharge based on the debtors' failure to commit all of their disposable income to fund the Chapter 12 plan. *In re Bowlby*, 113 B.R. 983 (Bankr.S.D.Ill.1990).[2] In this case the Chapter 12 trustee also objected to the debtors' discharge. The *Bowlby* court did not specifically address the creditor's standing to object to discharge but proceed-

---

**2.** The court's research would appear to be complete as the *Bowlby* court noted in its May 11, 1990, memorandum and order that "the Court is unaware of any other case dealing with the question of disposable income in the context of a motion for discharge under Chapter 12." 113 B.R. at 987.

ed to determine the merits of the parties' objections, finding that the debtors had failed to carry their burden of showing that they met the disposable income requirement of § 1225(b)(1). 113 B.R. at 991–92. The court accordingly sustained the trustee's and the creditor's objections to the debtors' motions for discharge. *Id.* at 992.

Another court addressed the matter before this court in *dictum* although the precise issue of a creditor's standing to object to entry of discharge was not before it. *In re Kuhlman,* 118 B.R. 731 (Bankr. D.S.D.1990). The court noted, in addressing the trustee's motion for determination of disposable income,[3] that it would not enter a discharge "until the Court, Chapter 12 trustee, *and all interested parties* are satisfied that the Chapter 12 debtors have complied with their confirmed plan, including turning over of all disposable income." 118 B.R. at 739 (emphasis added and footnote omitted). The court indicated that "[i]f the debtor has failed to turn over any disposable income or has miscalculated the sum available, he has not made all payments under his confirmed plan and, therefore, is not entitled to discharge." 118 B.R. at 738.

The *Kuhlman* court intimated that a creditor has standing to object to entry of discharge, stating that "a *party* objecting to discharge or seeking dismissal of a case," including an "interested creditor," has the burden to prove the merits of its objection or motion for dismissal. *Id.* (emphasis added). As a part of its burden the party must:

(1) independently calculate the amount of disposable income available; (2) timely object to discharge or move to dismiss the case if the debtor has not made appropriate disposable income payments; and (3) if an objection to discharge or motion to dismiss is filed, make a satisfactory showing that the debtor has failed to comply with his plan by not

making appropriate payments of disposable income.

*Id.* at 738–39. The court stressed that the trustee, the court, and creditors should be able to rely on the accuracy of a debtor's monthly and annual financial reports and that a debtor's failure to disclose disposable income may be fraudulent. *Id.* at 739.

■ Given the convincing rationale of *Kuhlman* and the provisions of the Bankruptcy Code and rules which permit a creditor to object to confirmation, move to modify a plan to increase the amount of payments thereunder to a particular class, and request revocation of a discharge for fraud, the court concludes that a creditor also has standing to object to discharge based on a debtor's failure to make appropriate payments of disposable income under the plan pursuant to 11 U.S.C. § 1225(b)(1)(B) assuming its request is timely.[4] Certainly, a creditor's objection will not be permitted if the creditor has known of the problem throughout the term of the debtor's plan and simply has failed to bring the matter before the court. In this case, however, Farm Credit alleged that it learned of the debtor's failure to commit all of its disposable income to the plan in January 1991 just before the debtors filed their application for discharge on February 11, 1991. As the debtors had completed payments under their plan at that time, the court finds that Farm Credit appropriately and timely filed its objection to entry of the debtor's discharge.

Upon reviewing the record, the court determines that it has insufficient evidence before it to rule on the merits of Farm Credit's objection. The court believes that an evidentiary hearing may be necessary to permit the parties to present their respective views of the facts relative to Farm Credit's objection. The court accordingly schedules this matter for a pre-trial conference.

---

**3.** The court permitted an unsecured creditor to participate in the hearing on the trustee's motion. 118 B.R. at 733.

**4.** Even if Farm Credit did not have standing to object to the debtors' discharge at this point, however, the court still would have the independent obligation to determine whether the debtors meet the requirements for discharge.

### Conclusion

The court, finding that Farm Credit has standing to object to the debtors' APPLICATION FOR DISCHARGE UPON COMPLETION OF CHAPTER 12 PLAN, now sets a pre-trial conference on the debtors' application and Farm Credit's objection thereto, for September 18, 1991, at 1:45 p.m., to be held in the chambers of the undersigned, Rm. 315, U.S. Courthouse, 204 S. Main Street, South Bend, Indiana.

SO ORDERED.