**In re Tracy L. JORDAN, Debtor.**

**Bankruptcy No. BKY 4–88–3700.**

United States Bankruptcy Court, D. Minnesota.

Dec. 13, 1993.

names were not the same, it was not uncommon for the livestock sales entities to confuse the names of father and son.

Curtis K. Walker, Minneapolis, MN, for debtor.

Stephen Creasey, Minneapolis, MN, for trustee.

## ORDER DENYING MOTION TO MODIFY CHAPTER 13 PLAN

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 2nd day of December, 1993, on the chapter 13 trustee's motion to modify the chapter 13 plan. Appearances were as follows: Stephen Creasey for the trustee; and Curtis Walker for the debtor Tracy Jordan ("Debtor").

### FACTS

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on September 15, 1988. The Plan, a standard form plan, was confirmed on November 3, 1988. The Plan provided for payments of $125.00 per month, to commence October 14, 1988, "until all claims are paid the amounts payable under the plan." Payments were to be made by court-ordered wage withholding. The Plan called for general unsecured claims in the amount of $12,336.00 to be paid "50 percent of the amounts allowed", and further provided that "only creditors holding claims

duly proved and allowed shall be entitled to payments from the trustee."

To date, Debtor has paid the trustee $7,500.00. All creditors have been paid the sums due to them, which is 50 percent. Since the wage withholding order remained in effect after the creditors were paid, the trustee has collected an excess of $2,074.29. The trustee now moves this court to modify the Plan so as to permit him to distribute the excess funds to the unsecured creditors.

Essentially, the trustee is arguing that the Plan is a five year plan, not a percentage plan. Debtor objects, asserting that she has paid the 50 percent provided and therefore has satisfied the Plan's terms. As a result, Debtor contends she is entitled to a discharge, and thus the Plan may not be modified.

### DISCUSSION

The Plan clearly provides that Debtor pay 50 percent of all unsecured claims. Contrary to the trustee's contentions, the Plan is not defined by a period of years. In fact, the only language indicating such states: "Upon request of the trustee, the debtor shall increase the payments to the trustee to the extent necessary and practicable to complete the plan *within* five years." This language is permissive, not mandatory. It merely contemplates that Debtor must complete the Plan within five years.

Since the Plan is a percentage plan, Debtor has made all the required payments. The next issue, therefore, is whether the trustee may modify the Plan after it has been completed. Under the Code, a plan may be modified "at any time after confirmation of the plan but before the completion of payments under the plan ..." 11 U.S.C. § 1329(a). The Code states in no uncertain terms that the trustee may not amend at this juncture in the bankruptcy proceeding. Furthermore, completion of the payments requires the bankruptcy court to discharge the debts. *Casper v. McCullough (In re Casper)*, 154 B.R. 243, 247 (Bankr.N.D.Ill.1993); *In re Moss*, 91 B.R. 563, 565 (Bankr.C.D.Cal. 1988). "[I]f a trustee could amend a Chapter 13 plan after the debtor completes his or her payments to the trustee, the mandatory na-

ture of the discharge provision would be eviscerated." *Casper*, 154 B.R. at 247.

### CONCLUSION

The Plan is a percentage plan. Since Debtor has paid the unsecured creditors 50 percent of their claims, the Plan is complete.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The trustee's motion to modify the Plan is DENIED; and

2. The trustee return to Debtor the excess withholding payments in the amount of $2,074.29.