**In re Jose Angel TORRES, Debtor.**

**No. 6:03BK03523–KSJ.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Dec. 16, 2005.

**840**

Astrid M. Vellon, The Law Offices of Astrid Vellon, PA, Orlando, FL, for Debtor.

Laurie K. Weatherford, Winter Park, FL, Chapter 13 Trustee.

Dennis J. LeVine, Esquire, Tampa, FL, for Creditor.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEBTOR'S OBJECTION TO CLAIM NO. 10 AND OBJECTION BY CARMAX AUTO FINANCE TO CHAPTER 13 TRUSTEE'S NOTICE OF COMPLETED PLAN AND REQUEST FOR DISCHARGE*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on September 13, 2005, on the debtor's Objection to Claim No. 10 (the "Claim Objection") (Doc. No. 31), the Response filed by Carmax Auto Finance ("Carmax") (Doc. No. 32), and on Carmax's Objection to the Chapter 13 Trustee's Notice of Completed Plan and Request for Order Granting the Debtor's Discharge ("Carmax's Objection") (Doc. No. 38). The question presented is whether the debtor, who has completed all payments pursuant to his confirmed Chapter 13 plan, can now reclassify Carmax's allowed secured claim as an unsecured claim because Carmax's collateral, a 1998 Dodge Caravan, was destroyed in an accident and the insurance proceeds were less than the amount of Carmax's allowed claim. Upon consideration of the evidence, the arguments of counsel, and the law, the Court overrules the Claim Objection and partially sustains Carmax's Objection.

The facts are undisputed. The debtor filed this Chapter 13 case on March 31, 2003. Carmax filed a Proof of Claim (Claim No. 5) on May 27, 2003, seeking payment on its $7,691.70 claim secured by the debtor's van. The debtor made no attempt to reduce or value down the van to replacement value, and the Proof of Claim was allowed in its full requested amount. The Court entered an order confirming the debtor's plan of reorganization on October 30, 2003 (Doc. No. 29), and the debtor has made all of the payments required under the plan.

However, in November 2004, the van was destroyed in an accident. Because of its status as secured creditor/loss payee on the insurance policy covering the van, Carmax received all of the insurance proceeds paid in connection with the accident. Between the Chapter 13 plan payments made by the debtor and the insurance proceeds, to date Carmax has received payment of $6,055.17 on its secured claim ($2,375.05 through the plan and $3,680.12 in insur-

ance proceeds). Now, just $1,636.53 remains to be paid on its secured claim. To that end, Carmax filed an Amended Proof of Claim (Claim No. 10) on April 21, 2005, acknowledging all payments it received under the plan and the insurance monies and reiterating that it was still owed $1,636.53 on its claim—no different or additional amounts were sought. Rather, by the Amended Proof of Claim, Carmax voluntarily reduced the amount sought due to the insurance proceeds received.

The debtor filed the Claim Objection (Doc. No. 31) to Carmax's Amended Proof of Claim on July 19, 2005, seeking to reclassify Carmax's remaining $1,636.53 secured claim as an unsecured claim. Approximately one month later, on August 19, 2005, the debtor completed his payments under the plan, including the $1,636.53 amount remaining on Carmax's secured claim.[1] The Chapter 13 trustee is now holding these funds and is awaiting direction from the Court on whether she should disburse the money to the debtor or to Carmax.

The debtor argues that he should get the $1,636.53 back and that the Court should allow him to reclassify Carmax's secured claim as an unsecured claim in light of the unintentional destruction of the van post-confirmation. Carmax already received the insurance proceeds paid as a result of the accident, which, the debtor asserts, is all Carmax reasonably should expect, particularly since the van's replacement value was only about $4,100.00 at the time of the accident. Indeed, there is no factual issue that the car was destroyed in an accident, and no allegations of bad faith are raised. In essence, the debtor simply argues that equity should not permit Carmax to get the benefit of $1,636.53 for a vehicle he no longer owns.

In response, Carmax contends that *it* should receive the $1,636.53 pursuant to the confirmed plan and that it would be inequitable to reclassify its allowed secured claim at this late date simply because the van was destroyed and insurance proceeds didn't cover the entire amount of its claim. Moreover, Carmax maintains that the parties are bound by the terms of the confirmed plan as res judicata. Indeed, the debtor *has* complied with the plan by completing all payments due.

In response to the debtor's argument that the van's replacement value at the time of the accident should control the amount Carmax receives on its claim, Carmax argues that the value of the van at the time of the accident is irrelevant because valuation was resolved at confirmation when its claim was allowed in full without objection. Certainly, if the van had *not* been destroyed, the debtor would have retained the vehicle, and the trustee would have paid the $1,636.53 to Carmax as a secured creditor with a fully allowed claim.

The Court agrees with Carmax. For two reasons explained below, it is simply too late for the debtor to reclassify Carmax's secured claim as an unsecured claim in his reorganization plan. First, Bankruptcy Code[2] Section 1329(a) contemplates plan modification in certain circumstances at "any time after confirmation of the plan but before the completion of payments under such plan…" Prior to plan

---

1. On August 24, 2005, the Chapter 13 trustee filed a Notice of Completed Plan and Request for Discharge (Doc. No. 35). The debtor received his Discharge the next day, August 25, 2005 (Doc. No. 36). Carmax later objected to the entry of the debtor's discharge (Doc. No. 38) as it was still owed $1,636.53 under the plan.

2. Unless otherwise provided, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code.

completion, a party has an absolute right to request modification "subject to the limits specified in Section 1329(a) and the bankruptcy court's good judgment and discretion." *In re Sounakhene*, 249 B.R. 801, 804 (Bankr.S.D.Cal.2000) (*citing In re Powers*, 202 B.R. 618, 622 (9th Cir. BAP 1996)). A plan is "complete" under the meaning of 1329(a) when the debtor has made all payments to the trustee required by the plan. *Sounakhene*, 249 B.R. at 804 (*citing In re Phelps*, 149 B.R. 534, 539 (Bankr.N.D.Ill.1993); *In re Moss*, 91 B.R. 563, 565 (Bankr.C.D.Cal.1988); *Matter of Casper*, 154 B.R. 243, 247 (N.D.Ill.1993) ("reversing the bankruptcy court's holding that completion of payments means the trustee's payment to creditors.")).

■ Here, the debtor completed all payments under the plan and the discharge has issued. Reclassification of Carmax's claim is now barred under the plain language of Bankruptcy Code Section 1329(a). *Sounakhene*, 249 B.R. at 804 ("Once the payments are complete, a motion to modify is time barred.") (*citing Phelps*, 149 B.R. at 538; *Moss*, 91 B.R. at 565; *In re Richardson*, 283 B.R. 783 (Bankr.D.Kan.2002)) (trustee could no longer obtain modification to debtors' plan once debtors completed their plan payments). Reclassification of a claim from secured to unsecured is not allowed after the debtor has made all payments under the confirmed plan and is explicitly precluded under the plain language of Bankruptcy Code Section 1329(a).

■ Second, the principles of res judicata preclude reclassification, even if more payments were due. Although courts have differed [3] on the topic of post-confirmation claim reclassification/plan modification, with some courts permitting belated modifications [4] and others refusing,[5] at least in this Circuit, the res judicata effect of a

**3.** *In re Knappen*, 281 B.R. 714 (Bankr.D.N.M. 2002) (discusses five different approaches taken by courts concerning whether a debtor can modify a confirmed plan to surrender collateral and reclassify a deficiency claim as unsecured).

**4.** *Knappen*, 281 B.R. 714 (permitting modification to allow the debtor to cease payment on a secured claim); *In re Arencibia*, 2003 WL 21004969, *3–4 (Bankr.S.D.Fla.2003) (permitting modification of secured claim after surrender of collateral under 1329, using 502(j) as a fulcrum and noting the good faith requirements of 1325(a)(3), reasoning that despite a debtor's best intentions at confirmation, financial hardships or other changes in circumstances can necessitate surrender of collateral and debtors should be permitted to make good faith modifications to a confirmed plan).

**5.** *Ruskin v. DaimlerChrysler Services North America, L.L.C.*, (*In re Adkins*) 425 F.3d 296, 305 (6th Cir.2005) (considering whether a deficiency claim resulting from the sale of repossessed collateral could be reclassified as an unsecured claim, finding no applicable provision in the Bankruptcy Code that "would allow a reclassification of the deficiency given the 'binding effect' of the confirmed plan under 11 U.S.C. § 1327."); *In re Vankell*, 311 B.R. 205 (Bankr.E.D.Tenn.2004) (where creditor's claim was treated as unsecured in confirmed plan, debtor could not later modify plan to treat that claim as secured); *In re Smith*, 259 B.R. 323 (Bankr. S.D.Ill.2001) (precluding debtor from modifying confirmed plan to reclassify a secured claim as unsecured following the surrender of collateral post-confirmation; court found it was without discretion to approve a modification falling outside the limits of 1329(a)(1), (2), and (3)); *In re Coleman*, 231 B.R. 397, 400 (Bankr.S.D.Ga.1999) (holding that Section 1329(a)(1) did not permit a debtor to shift the burden of depreciation to a secured creditor by surrendering collateral and reclassifying the creditor's claim, observing that "Section 1329(a)(3) permits a reduction in the distribution under the plan, but the reduction is limited to the amount of payments recovered from another source. If the car is surrendered or is the subject of an insurance loss, the claim is reduced by the amount of proceeds of the policy or the sale, but again, the secured status of the balance of the claim is unaffected.").

confirmed plan binds all parties. *In re Stevens,* 130 F.3d 1027, 1029 (11th Cir. 1997) ("Confirmation of a plan under Chapter 13 of the Bankruptcy Code binds the debtors and creditors to the terms of that plan.").

In *Stevens,* the debtor confirmed a Chapter 13 plan entitling a secured creditor to a claim in the amount of $18,586.72 plus 12 percent interest. Approximately one year into the plan and after the debtor had made multiple payments, the truck was destroyed in an accident. The insurance company paid the creditor the amount remaining on the debt with interest calculated at a rate of 13.5 percent pursuant to the original contract between the creditor and the debtors rather than at the 12 percent interest rate specified in the plan, resulting in the creditor receiving $1,852.83 more than it was owed under the confirmed Chapter 13 plan. The Court of Appeals for the Eleventh Circuit ruled that the secured creditor was limited to recovering the amount of its allowed claim pursuant to Bankruptcy Code Section 1327(a) and required the creditor to turnover the excess proceeds. The Eleventh Circuit Court held the parties to the terms of the confirmed plan; the secured creditor could not retain the $1,852.83 windfall because it had accepted a lesser amount under the terms of the debtors' confirmed plan.

The *Stevens* case is apposite and controls the outcome here. In *Stevens,* the secured creditor had to turnover excess funds received from an insurance company because it had accepted a lesser amount under the terms of the debtors' confirmed plan. Here, the parties will also be held to the terms of the confirmed plan; the debtor will not be permitted to recoup the $1,636.53 difference between the insurance payout and the allowed claim that he already paid over to the Chapter 13 trustee.

The debtor completed his plan and the amount and status of Carmax's claim was determined at confirmation. He cannot now, at the eleventh hour, reclassify Carmax's claim to shift the burden of the van's loss, ex post facto, to Carmax and retain the $1,636.53.

The Claim Objection is denied. Carmax's Objection is partially sustained. The Chapter 13 trustee is directed to pay the $1,636.53 to Carmax. A separate order consistent with these Findings of Fact and Conclusions of Law shall be entered.