PER CURIAM.
This matter arises from an appeal of a bankruptcy court order which was dismissed by the district court[1] below. We dismiss this action as moot.
The unchallenged facts are as follows: [2] On January 9, 1981, the bankruptcy court[3] entered an order confirming the Plan of Reorganization submitted by Information Dialogues, Inc. (IDI). Metro Property Management Company (Metro) appealed to the district court but did not attempt to obtain a stay of the confirmation order from either the bankruptcy or district court and did not apply for or obtain a supersedeas bond. The confirmation order remains in effect at the present time.
IDI has taken substantial steps to implement the reorganization plan in reliance on the confirmation order. Specifically, IDI has (1) paid in full all priority wage claims; [4] (2) paid in full all claims allowed in Class 3; [5] (3) issued 566,019 shares of its common stock to Class 4 creditors and debenture holders in satisfaction of debts totaling approximately $2,465,944 [6] (only disputed Class 4 claims await resolution and payment by the issuance of common stock); (4) obtained an investment of $400,000 by four new investors based on confirmation of the Plan of Reorganization; and (5) filed Forms 10-K and 10-Q with the SEC reflecting the changes in its financial and equity positions resulting from implementation of the Plan of Reorganization. On April 20, 1981, the district court dismissed Metro’s appeal, apparently for lack of diligent prosecution. Metro appeals that dismissal to this Court and IDI has moved to dismiss the appeal as moot.
The mootness concern arises when, as here, it may be impossible for a court to grant effective relief because the disputed assets have been transferred pursuant to the reorganization plan. Bankruptcy Rule 805 addresses this concern with a procedure for creditors to request a stay pending appeal from the bankruptcy court’s order. Rule 805 also provides that, absent a stay, court-approved transfers are final in that *477 transferees are protected against subsequent reversal. In this situation, the mootness doctrine promotes an important policy of bankruptcy law — that court-approved reorganizations be able to go forward in reliance on such approval”unless a stay has been obtained. Accord In Re Roberts Farms, Inc., 652 F.2d 793 (9th Cir. 1981). 1981).
A strong competing policy is the equitable interest of a creditor in securing review of a bankruptcy court order which adversely affects the creditor. This interest, for example, mandates that bankruptcy courts and district courts give careful attention to stay applications with full appreciation of the possibility that meaningful appeal may be foreclosed if the reorganization plan is substantially implemented.
Competing policies of mootness and equity may present difficult decisions in some circumstances. Here, however, their application is clear. IDI has implemented substantial elements of the reorganization plan and it is very doubtful that effective relief could be afforded even if Metro prevailed on the merits. Moreover, Metro presents no equitable claim because it has not at any stage requested a stay of the confirmation order pursuant to which the transfers have been made.
We, therefore, dismiss the appeal as moot.

. The Honorable Edward J. Devitt, United States Senior District Judge for the District of Minnesota.

. Metro did not file a response to the motion to dismiss brought by Information Dialogues, Inc. The facts are drawn from the record on appeal.

. The Honorable Hartley Nordin, United States Bankruptcy Judge for the District of Minnesota.

. Priority creditors consist primarily of wage claimants who were paid 100% of amounts owed to them up to a maximum of $2,000 per claimant.

. Class 3 creditors consist of holders of unsecured claims allowed in an amount of $1,000 or less. However, any unsecured creditor could reduce his claim to $1,000 and become part of this class.

. Class 4 creditors consist of holders of unsecured claims allowed in excess of $1,000 and those not electing to become part of Class 3. See also n.5, supra.