**In re Frederick M. WOODHOUSE, Debtor.**

**Bankruptcy No. 88–00102.**

United States Bankruptcy Court, M.D. Alabama.

Aug. 28, 1990.

OPINION ON TRUSTEE'S MOTION TO AMEND PLAN

RODNEY R. STEELE, Chief Judge.

The question on this submission is whether, upon trustee's motion filed under 11 U.S.C. § 1329 to modify debtor's plan, the plan should be modified to require debtor to pay trustee for three full years and distribute to unsecured creditors 19 percent instead of 7 percent. Trustee's motion was precipitated by the failure of several creditors to file claims.

3. *In re Cash*, (B.C.N.D.Ala., 1985) 51 B.R. 927 at 929.

Trustee's motion was filed on June 29, 1990. The plan has paid all creditors who filed claims out as of July 23, 1990. Confirmation order is dated April 7, 1988, on a plan filed and last amended on March 2, 1988. The date of the order for relief is January 14, 1988.

Trustee has standing to file this motion. Title 11, U.S.C. § 1329(a). Trustee may seek to extend or reduce the time for payments on claims of a particular class of creditors provided for by the plan, or he may seek to increase or reduce the amount of payments on claims of a particular class provided for by the plan, or he may seek to alter the amount distributed to a creditor whose claim is provided for in the plan, where that creditor has received payments on the claim from sources other than plan payments.

Trustee's position is that Title 11, U.S.C. § 1325(b)(1) requires debtor to meet the disposable income test at all times during the three year period of a plan.

Sections 1329(b)(1) and 1325(b)(1) do not support such a position. Section 1329(b)(1) does not, of course, require a modification to meet the test of Section 1325(b)(1). *In re Moss* (B.C.C.D.Calif., 1988), 91 B.R. 563 at 566. But it does not forbid it either.

Section 1325(b)(1) provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, *as of the effective date of the plan—*
>
> (A) the value of the property *to be distributed* under the plan on account of such claim is not less than the amount of such claim, or
>
> (B) the plan provides that all the debtor's *projected* disposable income *to be received* in the three year period beginning on the date that the first payment is due under the plan *will be applied* to make payments under the plan. [Emphasis supplied]

The language here is prospective, that is, from the date of confirmation.

The confirmation order is res judicata on the disposable income test, except in extraordinary circumstances. *In re Arnold* (4th Cir.1989), 869 F.2d 240 at 243.[1] In this case, debtor has substantially completed his payments under the plan. Modification cannot be made in the plan then. § 1329(a)(1). *In re Moss*, cited supra. There is no showing of any unanticipated substantial changes in debtor's financial situation.

The conclusion must be that unless there are substantial, unanticipated changes in the debtor's ability to pay under a plan already confirmed, the rights of the debtor and his creditors are settled at the date of confirmation, and ought not to be disturbed in modification proceedings relating to disposable income. See *In re Arnold*, cited supra, at pp. 241–242.

An appropriate order will enter.

---

1. "The doctrine of res judicata bars an increase in the amount of monthly payments only where there have been no unanticipated substantial changes in the debtor's financial situation. *[In re]* *Fitak* [B.C.S.D.Ohio, 1988], 92 B.R. [243] at 249–50; 5 Collier on Bankruptcy, Par. 1329.-01[b] at 1329–4 (15th Ed.1988). See also, *[In re] Moseley* [B.C.C.D.Cal., 1987], 74 B.R. [791] at 799...."