**In re Lyle D. BOSTWICK, Debtor.**

**Bankruptcy No. 90 B 30897.**

United States Bankruptcy Court,
N.D. Illinois, W.D.

March 27, 1991.

Philip H. Hart, Belvidere, Ill., for debtor.

Mary P. Gorman, Rockford, Ill., for trustee.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER,
Bankruptcy Judge.

This matter comes before the Court on the Motion of the Debtor to Reconsider the Court's Order of March 3, 1991. Attorney Philip H. Hart represents the Debtor. Attorney Mary P. Gorman represents the Chapter 13 Trustee.

The essential facts are that the Debtor successfully objected to a proof of claim filed by an unsecured creditor, and several other unsecured creditors did not file proofs of claim. As a result, the Debtor is now able to pay in full, from his disposable income over three years, those unsecured creditors who did file proofs of claim. The question is whether the Chapter 13 Trustee may successfully request modification of the Plan after confirmation to require the Debtor to pay in full the unsecured creditors who filed proofs of claim.

Section 1325(b)(1)(B) reflects Congress' intent that Chapter 13 debtors apply all of their projected disposable income to make payments under the plan. This provision was added by Congress in 1984 to prohibit confirmation of minimal payment plans where the debtor had the means to pay more.

Section 1329 permits the Trustee or the holder of an unsecured claim to request modification of the plan after confirmation.

■ A Section 1329 motion is typically brought about by a change in circumstances. This may involve a change in the debtor's financial condition. The most striking example is the post-confirmation Chapter 13 lottery winner. Suddenly the debtor is able to pay 100% rather than, say, 10% of the allowed unsecured claims.

Or it might come about due to a change of the circumstances contemplated in the Chapter 13 plan at the time of confirmation. For instance, under the facts available at the time of confirmation, a debtor may be able to pay from his disposable income a dividend of only, say, 10%, to his unsecured creditors. The plan is confirmed. Thereafter, the circumstances contemplated in the confirmed plan change. The debtor may have overstated the amount of his unsecured debt; or the debtor may, as here, have successfully objected to some of his unsecured debt; or, again as here, some of the unsecured creditors listed by the debtor may not file a claim. Under the new circumstances brought about by any of these events, the total unsecured debt is reduced and the debtor is now able to pay a dividend of, say, 100% of the allowed unsecured claims.

This the debtor should do, and it is precisely what Congress intended in Section 1325(b)(1)(B). To the extent that *In re Woodhouse*, 119 B.R. 819 (Bankr.M.D.Ala. 1990), as cited by the Debtor, holds differently, this Court disagrees with *In re Woodhouse*.

■ The change in circumstances which will bring about a successful Section 1329 motion should not be limited strictly to "a change in the debtor's financial condition," i.e., to a change in his income or expenses, but may also include, as here, a change in the debtor's ability to pay his creditors, irrespective of a change in his income and expenses.

Indeed, in a sense, there *is* a change in the debtor's financial condition when several creditors, as here, do not file proofs of claim. The debtor is now able to pay his allowed unsecured claims in full. That rationale would be consistent with *In re Fitak*, 92 B.R. 243 (Bankr.S.D.Ohio 1988), where the court states that unanticipated windfalls should inure to the benefit of the creditors and not the debtor.

Here, the Debtor is not being asked to devote more disposable income to the plan. He will continue to devote the same amount of projected disposable income that was contemplated and provided for in the plan. (Indeed, even less may now be required.) The modification is not of the Debtor's payments, which remain unchanged, but rather of the distribution of those payments by the Trustee.

The disposable income requirement would not be offended by this modification. The disposable income requirement would be offended, in letter and in spirit, if such a modification were not permitted.