**In re Shelia Kaye Perry GRISSOM, Debtor.**

**In re Mitchell Andrew GRISSOM, Debtor.**

**Bankruptcy Nos. 91–12591–B, 91–12595–B.**

United States Bankruptcy Court, W.D. Tennessee, E.D.

March 4, 1992.

Lloyd A. Utley, Jackson, Tenn., for debtors.

Ted M. Hunderup, Humbolt, Tenn., for Transouth Financial Corp.

William L. Guy, Jackson, Tenn., Standing Chapter 13 Trustee.

MEMORANDUM OPINION AND ORDER ON MOTIONS TO COMPEL DEBTORS TO PAY INCOME TAX REFUNDS AS DISPOSABLE INCOME

WILLIAM H. BROWN, Bankruptcy Judge.

Motions were filed in these two Chapter 13 cases by Transouth Financial Corpora-

tion ("Transouth"), an unsecured creditor in both cases. The motions were presented on oral statements of counsel for the creditor and debtors, and of the standing Chapter 13 Trustee. There was no proof presented; rather, the motions were presented on the initial question of law as to whether the unsecured creditor had standing at this point to raise its motion.

### BACKGROUND OF CASES AND MOTIONS

These debtors were formerly married, but are now in separate confirmed Chapter 13 cases. The Chapter 13 plan for Shelia Kaye Perry Grissom was confirmed on December 11, 1991, and the plan for Mitchell Andrew Grissom was confirmed on November 27, 1991. Each plan includes Transouth as an unsecured creditor in the amount of $1,260.00. The order files do not reflect that objections to confirmation were filed in either case by either the Chapter 13 Trustee, this moving creditor or by any other unsecured creditor. There was no proof offered that either debtor was in arrears in plan payments at this time nor was any proof offered that either debtor was otherwise failing to comply with the terms of their confirmed plans. The motions, which were filed in each case on January 7, 1992, after the entry of the confirmation orders, seek to require the debtors to pay to the Chapter 13 Trustee any tax refunds received this year and in future years until completion of the payments under the confirmed plans. The motions assert that the payment by the debtors of their tax refunds is required as a part of the debtors' disposable income.

### DISCUSSION AND CONCLUSIONS

■ Section 1306 of the Bankruptcy Code provides that in addition to the property described in § 541, property of the Chapter 13 estate includes property "that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted ..." 11 U.S.C. § 1306(a)(1). Further, Chapter 13 estate property includes "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted ..." 11 U.S.C. § 1306(a)(2). However, unless it is otherwise provided for in a confirmed plan, "the debtor shall remain in possession of all property of the estate." 11 U.S.C. § 1306(b). One of the effects of confirmation, unless otherwise stated in the confirmed plan, is to vest "all of the property of the estate in the debtor." 11 U.S.C. § 1327(b). And, of course, the terms of a confirmed plan "bind the debtor and each creditor ..." 11 U.S.C. § 1327(a). From these statutory provisions, as the Chapter 13 Trustee stated in his memorandum, it is clear that a debtor's post-confirmation tax refund is property of the estate, but that does not necessarily lead to the conclusion that the tax refund must be paid over to the Trustee.

■ Section 1325(b) of the Code adds a disposable income test to the confirmation equation. *See generally*, Lundin, CHAPTER 13 BANKRUPTCY, vol. 1, § 5.29 (1990). That test prohibits confirmation, if there is an objection to confirmation by "the trustee or the holder of an allowed unsecured claim," unless the requirements of § 1325(b) are met. 11 U.S.C. § 1325(b)(1). One of those tests, and the only one at issue here, is that the plan must provide "that all of the debtor's *projected* disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan." 11 U.S.C. § 1325(b)(1)(B) (emphasis added). Section 1325(b)(2) then defines "disposable income." *See In re Coffman*, 90 B.R. 878, 18 BCD 394 (Bankr. W.D.Tenn.1988) (discussing disposable income in a Chapter 12 case). As Judge Lundin has observed, "[a]t some risk of oversimplification, the projected disposable income test is satisfied if the objecting creditor is paid in full through the plan or if the plan provides that the debtor will contribute all projected disposable income for at least three years." Lundin, CHAPTER 13 BANKRUPTCY, vol. I, § 5.29 at p. 5–66.

Obviously, one practical problem with the application of disposable income concepts to tax refunds is that the debtor may be unable to *project* whether a tax refund will be due for any one or more of the three years required under § 1325(b)(1)(B). Therefore, it is logical to focus on the fact that § 1325(b)'s disposable income test is applied only if there is an objection to confirmation and then the test is applied at the confirmation hearing stage of the case. Thus, if there is an objection, the debtor is expected to "make a 'best effort'" at the three year projection, and this "best effort" may become a factor in the good faith analysis required for confirmation under § 1325(a)(3). Lundin, CHAPTER 13 BANKRUPTCY, vol. I, § 5.29, at p. 5–66.

For purposes of the two cases at hand, the Court is not required to go back now and conduct a disposable income inquiry. These cases have been confirmed, with the effect of binding the debtors and creditors to the plan terms. 11 U.S.C. § 1327(a). This creditor's motions to require the payment of any tax refunds to the Trustee amount to motions to modify the confirmed plans. *See* 11 U.S.C. § 1329. As Judge Lundin has pointed out in his treatise, it is not at all clear that the disposable income test is applicable to post-confirmation modification motions. Lundin, CHAPTER 13 BANKRUPTCY, vol. II, § 6.40; *see also, In re Moss,* 91 B.R. 563 (Bankr.C.D.Cal. 1988); *compare, In re Woodhouse,* 119 B.R. 819, 820 (Bankr.M.D.Ala.1990) ("The confirmation order is res judicata on the disposable income test, except in extraordinary circumstances.").

Of more importance, the absence in these cases of an objection to confirmation at the time of the original confirmation orders vitiates the need for consideration of whether any post-confirmation tax refunds are disposable income. If there had been objections to confirmation, the Court at that time might have determined that as a part of disposable income for three years, the debtors would be required to commit their future tax refunds to the plan. *See generally* Lundin, CHAPTER 13 BANK-RUPTCY, vol. II, § 6.14, at p. 6–31 and vol. I, § 5.30 (citations omitted). In these cases, however, there were no disposable income inquiries prior to the confirmations because of the absence of objections to confirmation.

This unsecured creditor can not evade now the binding effect of confirmations under § 1327 and the absence of objections to the original confirmations. The time to require the application of the disposable income test is established by § 1325(b) as being at the confirmation hearing, and its application is triggered in only one way, that is, by the filing of an objection to the plan's confirmation.

The Court agrees with the Chapter 13 Trustee and concludes that in these two cases, where there were no objections to confirmation by either the Trustee or an unsecured creditor, the debtors' entitlement to a tax refund is not an appropriate issue for inquiry. The debtors are entitled to remain in possession of those refunds as property of the estate in the absence of the confirmed plans providing otherwise. The Court is not required to reexamine disposable income at this stage of these cases.

The Court notes that its conclusions are limited to the facts presented in these cases. Should future cases present issues of default by the debtors in plan payments, different considerations may be applicable to a debtor's use of post-confirmation tax refunds. Also, clearly, this opinion does not address the many disposable income issues which may be raised in a pre-confirmation setting where an appropriate objection to discharge has been filed by the Chapter 13 Trustee or an unsecured creditor.

IT IS THEREFORE ORDERED, based upon the foregoing discussion and conclusions of law, that the motions of Transouth Financial Corporation are denied.

SO ORDERED.