**In re Norman D. EMLY and Brenda S. Emly, Debtors.**

**Bankruptcy No. 92–00960–13.**

United States Bankruptcy Court, D. Idaho.

March 25, 1993.

Richard L. Alban, Nampa, ID, for debtors.

Alan D. Cameron, Manweiler, Bevis & Cameron, Boise, ID, for Pioneer Federal Credit Union.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The debtors have moved under 11 U.S.C. § 1329 to modify their confirmed chapter 13 plan. The proposed modification would allow the debtors to retain both their federal and state 1992 income tax refunds in the amounts of $923.00 and $375.00, respectively. Secured and unsecured creditor Pioneer Federal Credit Union ("Pioneer") objects to the proposed modification.

■ Pioneer first contends the res judicata effect of 11 U.S.C. § 1327(a) prohibits the modification.[1]

■ The provisions of Section 1327(a) and the modification provisions of Section 1329 are not inconsistent. In short, a confirmed plan binds the debtor and each creditor, unless the plan is modified under Section 1329, and then the modified plan binds the debtor and each creditor.[2]

■ Next, Pioneer argues there is no statutory basis for the debtors to modify their plan.

The debtors wish to modify their plan to allow them to retain income tax refunds. If the refunds were paid into the plan, as originally provided by the plan, those funds would ultimately have been paid to unsecured creditors by the trustee. To the extent the funds are not paid to the trustee, there exists a reduction in "... the amount of payments on claims of a particular class provided for by the plan" within the allowable provisions of Section 1329(a)(1).

■ Pioneer further contends the proposed modification does not meet the "best interests of creditors" test of 11 U.S.C. § 1325(a)(4).

The proposed modification does not affect the regular monthly payments as provided in the confirmed chapter 13 plan. Without evidence to the contrary, it is presumed the "best interests of creditors" test was originally met on the basis of those monthly payments. The determination of whether the test had been met could not have taken into consideration the use of income tax refunds because the extent of those refunds was unknown at the time of confirmation. Thus, the "property to be distributed under the plan" is the same, and the requirements of Section 1325(a)(4) are still deemed to be met by the modification. The trustee does not oppose the modification.

The motion to modify will be granted by separate order.

---

1. 11 U.S.C. § 1327(a) provides:
   (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).

2. *See In re Perkins*, 111 B.R. 671, 672 (Bankr. M.D.Tenn.1990); *In re Jock*, 95 B.R. 75, 77 (Bankr.M.D.Tenn.1989).