In re Iris June DAVIS, Debtor.

Bankruptcy No. 91–31674.

United States Bankruptcy Court, E.D. Tennessee.

Oct. 5, 1993.

Richard L. Banks, Knoxville, TN, for debtor.

Sharon Frankenburg, Knoxville, TN, for Allied Credit Corp.

Marcia P. Parsons, Knoxville, TN, Chapter 13 Trustee.

## MEMORANDUM ON DEBTOR'S RESPONSE TO ORDER ON REMAND

RICHARD S. STAIR, Jr., Bankruptcy Judge.

This case presents the court with an unique issue: Where a secured creditor fails to obtain a stay pending appeal of an order overruling its objection to confirmation of the debtor's Chapter 13 plan and the plan is subsequently confirmed by a separate order, is the confirmation order entitled to *res judicata* effect even though the court of appeals reversed the order overruling the creditor's objection and remanded the cause for proceedings consistent with its decision?

### I

At the time she commenced her Chapter 13 case, the debtor was obligated to Allied Credit Corporation (Allied) on a promissory note in the original amount of $60,000 with a stated interest rate of nineteen percent (19%) per annum. The note is secured by the debtor's principal residence. Under the terms of her Chapter 13 plan, the debtor proposed to cram down Allied's secured claim pursuant to 11 U.S.C.A. § 1325(a)(5)(B) (West 1993) by paying it $24,000 plus ten

percent (10%) interest at $509.93 per month over the sixty month life of the plan. Upon completion of the plan, Allied's lien was to be released.

Allied objected to confirmation contending the debtor was prohibited by Code § 1322(b)(2) from modifying its rights.[1] This court, finding that Allied's deed of trust, in addition to granting it a security interest in the debtor's residence, also granted it a security interest in "rents, royalties, profits and fixtures" and in proceeds derived from any casualty insurance loss, held that Allied's claim was removed from the protection of § 1322(b)(2) and overruled its objection to confirmation. The order overruling Allied's objection, entered June 27, 1991, states in material part:

1. That the Objection To Confirmation filed by Allied Credit Corporation is OVERRULED.

2. That the debtor's Chapter 13 plan filed March 29, 1991, will be confirmed and the Chapter 13 trustee is requested to file appropriate confirmation documents within seven (7) days.

On July 2, 1991, the trustee tendered an order confirming the plan. On July 3, 1991, Allied filed a Notice Of Appeal pursuant to Fed.R.Bankr.P. 8001(a) perfecting its appeal to the district court from the June 27, 1991 order overruling its objection to confirmation. On July 12, 1991, the order confirming the debtor's Chapter 13 plan was entered. No appeal was taken by Allied from the July 12, 1991 confirmation order nor did Allied request a stay pending appeal of the June 27, 1991 order.

On December 20, 1991, the district court affirmed the June 27, 1991 order overruling Allied's objection to confirmation. On March 24, 1993, the Sixth Circuit, holding that Allied's secured claim is in the class protected by § 1322(b)(2), as a creditor whose claim is secured only by a security interest in real property that is the debtor's principal residence, reversed the decision of the district court confirming this court's June 27, 1991

---

1. Code § 1322(b)(2) allows a Chapter 13 debtor to modify the rights of holders of secured claims "other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C.A. § 1322(b)(2) (West 1993).

order. *Allied Credit Corp. v. Davis (In re Davis)*, 989 F.2d 208 (6th Cir.1993). The Sixth Circuit remanded the cause for further proceedings consistent with its decision. *Id.* at 213. On May 18, 1993, the district court, in obedience to the mandate of the Sixth Circuit, filed its order reversing this court's June 27, 1991 order overruling Allied's objection to confirmation and remanded this cause to the bankruptcy court for proceedings in accordance with the decision of the court of appeals.

On June 9, 1993, this court, in compliance with the district court's May 18, 1993 order, entered an "Order On Remand" whereby it sustained Allied's objection to confirmation and directed the debtor to appear and show cause why her Chapter 13 case should not be dismissed under the authority of *Davis* due to her attempt, through her plan, to modify Allied's rights in contravention of § 1322(b)(2). The debtor, on August 16, 1993, filed a response to the "Order On Remand" asserting that since Allied did not obtain a stay of the June 27, 1991 order overruling its objection to confirmation or appeal the July 12, 1991 order confirming her plan, the latter order, in accordance with Bankruptcy Code § 1327(a), is entitled to *res judicata* effect with respect to the debtor's treatment of Allied's secured claim under her plan.

**II**

█ Bankruptcy Code § 1327(a) provides: The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C.A. § 1327 (West 1993). "[A] bankruptcy court [Chapter 13] confirmation order

generally is treated as *res judicata.*" *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 162 (4th Cir.1993).[2] *See also, Sun Fin. Co., Inc. v. Howard (In re Howard)*, 972 F.2d 639 (5th Cir.1992); *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989); *In re Grissom*, 137 B.R. 689 (Bankr.W.D.Tenn. 1992).

While the Sixth Circuit has yet to rule on the *res judicata* effect of confirmation orders under Chapter 13, it is anticipated, based upon decisions rendered within the context of Chapter 11, that its ruling would be consistent with those of the circuits cited in this Memorandum. *See, Sanders Confectionery Products, Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993) (An order confirming a plan of reorganization constitutes a final judgment in bankruptcy proceedings); *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 463 (6th Cir.1991) ("Confirmation of a plan of reorganization by the bankruptcy court has the effect of a judgment ... and *res judicata* principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings" (citations omitted)).

Bankruptcy Judge William H. Brown's decision in *Grissom* presents this court with a relatively simple fact pattern which best exemplifies circumstances under which a Chapter 13 confirmation order is entitled to *res judicata* effect. In *Grissom,* after confirmation of the debtors' Chapter 13 plans without objection,[3] an unsecured creditor filed motions seeking to compel the debtors to pay the trustee all tax refunds received prior to completion of their plans. Judge Brown, concluding that the creditor was attempting for the first time to raise a confirmation issue regarding the disposable income test under Code § 1325(b),[4] held that

---

**2.** The Fourth Circuit, in affirming the district court's order revoking the Chapter 13 confirmation order due to a creditor's lack of notice, stated that it could not, however, "defer to such an order on *res judicata* grounds if it would result in a denial of due process in violation of the Fifth Amendment of the United States Constitution." 990 F.2d at 162.

**3.** *Grissom* involves two confirmed Chapter 13 plans filed in separate cases by debtors who were formerly married.

**4.** Section 1325(b) prohibits confirmation of a Chapter 13 plan if there is an objection to confirmation by "the trustee or the holder of an allowed unsecured claim" unless the requirements of § 1325(b) are met. 11 U.S.C.A. § 1325(b) (West 1993). These requirements are that the

This unsecured creditor can not evade now the binding effect of confirmations under § 1327 and the absence of objections to the original confirmations. The time to require the application of the disposable income test is established by § 1325(b) as being at the confirmation hearing, and its application is triggered in only one way, that is, by the filing of an objection to the plan's confirmation.

137 B.R. at 691.

■ The underlying principle in *Grissom* and in other cases cited herein by the court is that a creditor, having failed to object to confirmation at the appropriate time, is deemed to have accepted the debtor's plan and is, therefore, bound by the confirmation order. *See Matter of Chappell,* 984 F.2d 775, 782 (7th Cir.1993) ("Failure to object to the confirmation of a Chapter 13 plan is deemed acceptance.... Creditors must object to confirmation, appear at hearings or otherwise put disputes before the bankruptcy court in order to raise objections. If the creditor fails to do so, the creditor is bound by the Chapter 13 plan."); *In re Szostek,* 886 F.2d at 1406 ("Although the present value provision found in § 1325(a)(5)(B)(ii) was not applied by the bankruptcy court in determining the amount of the creditor's claim, this does not constitute grounds for vacating a confirmed plan where the creditor has not objected to the plan."); *In re Pence,* 905 F.2d 1107, 1109 (7th Cir.1990) (Creditors with actual knowledge of Chapter 13 case "must follow the administration of the bankruptcy estate to determine what aspects of the proceeding they may want to challenge" and, absent an objection to confirmation, are bound by the provisions of a debtor's confirmed plan.).

■ As previously stated, Allied timely objected to confirmation of the debtor's plan. That objection was overruled on June 27, 1991, and an order confirming the debtor's plan was entered on July 12, 1991. Pending entry of the confirmation order, Allied, on July 3, 1991, perfected an appeal to the dis-

trict court of the June 27, 1991 order overruling its objection to confirmation by filing a Notice of Appeal. It did not, however, seek to stay the June 27, 1991 order.

Federal Rules of Bankruptcy Procedure 7062, incorporating Fed.R.Civ.P. 62 into its terms, and 8005 dictate the procedure to be followed in obtaining a stay of a judgment beyond the automatic ten-day stay of Fed. R.Civ.P. 62(a). This procedure is stated, generally, as follows:

When Rules 8005 and 7062 are read together, the procedure they mandate is this: an appellant who desires the stay of a money judgment or of one determining an interest in property should present to the bankruptcy court a supersedeas bond in an amount adequate for the protection of the appellee; an appellant who desires the stay of a judgment that is not stayable as of right ... should present to the bankruptcy court an application for a stay, stating reasons why the court should exercise its discretion to grant the stay.

9 *Collier On Bankruptcy,* ¶ 8005.03 (15th ed. 1993) (footnote omitted).

Further:

A party who desires to appeal is not obliged to seek a stay of the judgment pending appeal. The only consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the bankruptcy court as final, notwithstanding that an appeal is pending.... The appellant does not lose the right of appeal merely because the judgment has been executed or otherwise acted upon if effective relief can be secured following reversal.

A stay pending appeal, usually in the form of an injunction, is necessary only if what may be done under the judgment is beyond the power of the appellate court to undo by its judgment. If the irreversible action is taken pending the appeal, the appeal will be dismissed as moot.

*Id.* at ¶ 8005.04 (footnote omitted).

In sum, the failure of Allied to obtain a stay of the June 27, 1991 order overruling its

---

debtor's plan provide for the payment of all allowed unsecured claims in full or "that all of the debtor's projected disposable income to be received in the three-year period beginning on the

date that the first payment is due under the plan will be applied to make payments under the plan." *Id.*

objection to confirmation did not inhibit its ability to prosecute its appeal. Its only effect was to permit the confirmation of the debtor's plan which was accomplished through entry of the July 12, 1991 confirmation order.

■ The "filing of a Notice of Appeal confers jurisdiction on the court of appeals and divests the district court [or bankruptcy court] of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985) (citation omitted), *reh'g denied*, 471 U.S. 1062, 105 S.Ct. 2127, 85 L.Ed.2d 491 (1985); *See also, N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir.1987).

Upon filing the Notice of Appeal by Allied, the legal validity of the debtor's Chapter 13 plan, as it pertains to the debtor's treatment of Allied's secured claim, was vested in the appellate court. This court did not have jurisdiction to enter an order the effect of which would be to divest the appellate court from rendering a decision on the merits of the pending appeal. The debtor at no time suggested to the district court or the court of appeals that her Chapter 13 plan had been implemented to such an extent that Allied's appeal from the June 27, 1991 order was moot as it would have been impossible for the court of appeals to grant effective relief. *See, Metro Property Management Co. v. Information Dialogues, Inc.*, 662 F.2d 475, 476 (8th Cir.1981) ("The mootness concern arises when ... it may be impossible for a court to grant effective relief....); *Bennett v. Gemmill (Matter of Combined Metals Reduction Co.)*, 557 F.2d 179, 187 (9th Cir.1977) ("Generally an appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief, even if the dispute is decided in favor of the appellant.").

In the instant case, Allied's appeal was decided on its merits. The district court, in compliance with the Sixth Circuit's mandate, entered its order on May 18, 1993, remanding this matter to the bankruptcy court "for proceedings in accordance with the decision of the court of appeals." This court is bound to carry out the directives of the Sixth Circuit. *Kansas City Southern Ry. Co. v. Guardian Trust Co.*, 281 U.S. 1, 11, 50 S.Ct. 194, 197–98, 74 L.Ed. 659 (1930) (The district court, to which the Supreme Court remanded case upon affirmance of decree of court of appeals, could not vary Supreme Court's mandate, nor give any further relief.); *U.S. v. Markey*, 98 F.Supp. 431, 432 (D.Mont. 1951).

Because the July 12, 1991 order confirming the debtor's Chapter 13 plan is integral to the June 27, 1991 order overruling Allied's objection to confirmation, it cannot be considered independent of the latter order. As it was entered during the pendency of Allied's appeal from the June 27, 1991 order, it is interlocutory and, lacking finality, is not, in and of itself, entitled to *res judicata* effect.

In sum, this court is bound to carry out the mandate of the Sixth Circuit and the district court. It has done so through the entry of the June 9, 1993 "Order On Remand" sustaining Allied's objection to confirmation. The July 12, 1991 order confirming the debtor's plan, lacking finality, will be vacated and confirmation of the debtor's Chapter 13 plan filed March 29, 1991, will be denied. The debtor will have ten days within which to file a modified plan or to move for conversion or dismissal of her Chapter 13 case. An appropriate order will be entered.