**In re Hillary RICHARDSON, Debtor.**

**Bankruptcy No. 90–07324–H13.**

United States Bankruptcy Court,
S.D. California.

Jan. 3, 1996.

John C. Colwell, San Diego, CA.

G. Edward Wigfal, Chapter 13 Trustee, San Diego, CA.

## MEMORANDUM DECISION

PETER W. BOWIE, Bankruptcy Judge.

Debtor seeks to modify her Chapter 13 Plan to reduce the percentage of distribution to unsecured creditors, to nominally increase the plan payment by $75, all with the intent to allow completion of the plan within the sixty month maximum duration of a Chapter 13 plan. Most of the debt is unsecured, and debtor seeks to reduce the distribution from 100% to 46%, with no time remaining on the sixty month period.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

### FACTS

Hillary Richardson ("debtor") filed a chapter 13 petition on August 26, 1990. On October 31, 1990, an order was entered confirming debtor's plan which provided for monthly payments of $300 to the trustee and a 100% repayment to unsecured creditors. Shortly thereafter, on January 15, 1991 the Chapter 13 Trustee filed a motion to dismiss because the debtor was not making her plan payments. In her opposition, the debtor acknowledged that she had missed payments because she had lost her job in September, 1990. She stated in February, 1991 that she was reemployed, wanted to continue with her plan, and she asked that the missed payments be added to the end of the plan. After a continuance to track performance, the motion to dismiss was ordered off calendar in June, 1991.

In the meantime, the Chapter 13 Trustee issued a Notice of Claims Filed and Intent to Pay Claims. Including attorneys fees, the

total claims were $18,275.69. Of that amount, $6,291.68 was a secured claim accruing interest at 10%. Without taking into account the accruing interest or the administrative fees of the Trustee, it would take 60.9 months at $300 per month to pay the allowed claims.

Approximately one year later, debtor amended her Statement of Affairs to add a small secured claim. Then, three months later, debtor added a student loan creditor owed $1,200. That amendment was filed in July, 1992.

Presumably, debtor made a number of payments over the next two and one-half years. However, at some point payments became a problem, and on May 4, 1995 the Chapter 13 Trustee filed another motion to dismiss for failure to make payments. After the motion was filed, debtor filed opposition and made a payment of $375. At the hearing in late June, 1995, the Trustee indicated that the only other payment in 1995 was in February. The Trustee also stated that approximately 24 more payments were necessary to complete the plan. The Court observed that the plan was rapidly approaching the sixty month maximum duration. The hearing on the motion to dismiss was continued to allow debtor and counsel to review the circumstances.

On August 10, 1995 debtor filed a notice of motion to modify her Chapter 13 plan. She proposed to increase the plan payment from $300 to $375 and to reduce the percentage distribution to unsecured creditors from 100% to 46%. Because the sixty-month period of 11 U.S.C. § 1322(d) had essentially run out by the time of the noticed hearing on the motion to modify, set for September, 1995, the proposed payment increase was illusory and in reality the debtor was seeking to modify to allow a percentage to unsecured creditors approximately equal to the amount already paid.

## DISCUSSION

■■■ A debtor may bring a motion to modify a confirmed plan at any time after confirmation and before completion. *In re Solis,* 172 B.R. 530 (Bankr.S.D.N.Y.1994); 11 U.S.C. § 1329(a). Section 1329(a)(1) authorizes modification to increase or reduce the amount of payments on claims of a particular class provided for by the plan. 11 U.S.C. § 1329(a)(1). This section, however, does not grant an unfettered license to modify. The modification of a plan of reorganization is tantamount to a new confirmation and must be consistent with the statutory requirements for confirmation. *In re Louquet,* 125 B.R. 267 (9th Cir. BAP 1991). Therefore, all the good faith requirements needed to confirm a plan must be met in order to modify a plan. While the Code does not specifically set out what circumstances are sufficient to warrant modification, numerous courts have commented on the issue.

Many courts have limited post-confirmation modification to instances where there is some change in circumstance or occurrence that did not exist at the time the plan was originally confirmed. *In re Hutchins,* 162 B.R. 1014 (Bankr.N.D.Ill.1994). These courts have required that a debtor experience a significant and unexpected change in financial circumstances or in his or her ability to pay creditors. See *In re Gadlen,* 110 B.R. 341, 344 (Bankr.W.D.Tenn.1990) (confirmation is appropriate where a debtor has suffered a pay cut after the bankruptcy filing); *In re Klus,* 173 B.R. 51 (Bankr.D.Conn. 1994) (significantly higher or lower proofs of claim that were not accounted for in plan, or significant change in debtor's financial condition is grounds for modification); *In re Bostwick,* 127 B.R. 419 (Bankr.N.D.Ill.1991) (change in circumstance is not limited to a change in financial condition, but may also include a change in the debtor's ability to pay creditors such as where several creditors do not file claims). This view comports with the legislative history suggesting that § 1329(a) was enacted to complement the "ability-to-pay" test of § 1325(b).[1] *In re Fitak,* 92 B.R. 243, 248 (Bankr.S.D.Ohio 1988).

1. "The ability-to-pay standard would be made applicable to plan modifications following confirmation, by the addition of a new subsection 1329(a), which would permit the debtor or the holder of an allowed unsecured claim to request modification of the plan in response to changes in the circumstances of the debtor substantially affecting the ability of the debtor to make future

The language of § 1329 does not expressly require a substantial or unexpected change in circumstance. *In re Powers,* 140 B.R. 476, 479 (Bankr.N.D.Ill.1992). However, the requirement is often based upon the view that without such a change in circumstance post-confirmation, the doctrine of res judicata would bar modification. *In re Bereolos,* 126 B.R. 313, 326 (Bankr.N.D.Ind.1990). In other words, a confirmed plan is res judicata as to all issues that could have been decided as of the confirmation date. *In re Moseley,* 74 B.R. 791, 799–800 (Bankr.C.D.Cal.1987).

Several courts have declined to require a change in circumstances in interpreting § 1329. See, e.g., *In re Klus,* 173 B.R. 51, 59 (Bankr.D.Conn.1994) (holding that a change in circumstances is not a threshold requirement for modification, but that the absence of such a change is a factor in the court's exercise in discretion to allow the modification). In a recent analysis, the Seventh Circuit also rejected a change in financial circumstances test. It concluded that a change in circumstance was not required by § 1329 and that the doctrine of res judicata did not apply to § 1329. *In re Witkowski,* 16 F.3d 739, 742–46 (7th Cir.1994). Interestingly, *Witkowski* involved a post-confirmation motion to modify brought by the trustee because a number of creditors had not filed claims. The trustee sought to increase the percentage payable to those creditors which had filed claims. The motion to modify was granted, and the debtor appealed. Both the district court and the Seventh Circuit affirmed. A recent case from this circuit court cited *Witkowski* favorably, with the proviso that it believed some change in circumstance should be necessary. *In re O'Brien,* 181 B.R. 71, 78–79 (Bankr.D.Ariz.1995).

■ As stated above, and in *Witkowski,* § 1329 does not specifically require a sub-

stantial or unanticipated change in circumstance as a prerequisite for modification. However, this Court does not agree that § 1329 gives a debtor, unsecured creditor, or trustee the absolute right to seek modification at any time or under any circumstances.

The Court of Appeals for the Ninth Circuit, in *In re Anderson,* 21 F.3d 355 (1994), faced the circumstance of a trustee seeking to extract a promise from debtors to commit all actual future disposable income to a plan, rather than the projected disposable income. The court found that approach "inconsistent with the procedures established for modifying a debtor's plan." 21 F.3d at 358. The court then wrote:

> Under § 1329, the trustee may request modification of the debtor's plan. 11 U.S.C. § 1329(a). If the debtor or a creditor objects to the modification, the trustee "must bear the burden of showing a substantial change in the debtor's ability to pay since the confirmation hearing and that the prospect of the change had not already been taken into account at the time of confirmation." [Citations omitted.]

21 F.3d at 358.

■ In the present case, debtor has proffered no changed circumstances, except inferentially that she is out of time to perform under the confirmed plan, and therefore would not receive the benefits of a Chapter 13 discharge. A plan cannot be confirmed that violates the sixty-month time limitation. *In re Dinsmore,* 141 B.R. 499, 505 (Bankr. W.D.Mich.1992); *In re Martin,* 156 B.R. 47, 50 (9th Cir. BAP 1993). This issue always exists at the time of any confirmation. The expiration of this period is not unexpected. The time limitation is statutorily mandated and the debtor is held to full knowledge of her responsibility to complete the plan within

payments under the plan. New subsection 1329(a) would provide a measure of flexibility not presently available by permitting accommodation of the performance required under the chapter 13 plan to better suit the actual circumstances encountered during the course of the plan....

The purpose of this amendment is to permit the debtor or the holder of an allowed unsecured claim to request modification of a confirmed chapter 13 plan in response to changes in cir-

cumstances of the debtor substantially affecting (favorably or unfavorably) the ability of the debtor to make payments under the plan, as determined by reference to the ability-to-pay test set forth in § 1325." *Fitak,* 92 B.R. at 249; citing Oversight Hearings on Personal Bankruptcy Before the Subcommittee on Monopolies and Commercial Law of the House Committee on the Judiciary, 97th Cong. 1st Sess. 181, 215–216, 221 (1981–82).

the time permitted by the Code. Therefore, inability to complete performance of a confirmed plan within the sixty months allowed by 11 U.S.C. § 1322(d) is not, by itself, a sufficient ground to support modification of a confirmed plan.

### CONCLUSION

A Chapter 13 reorganization plan is a contract between the debtor and creditors. Both creditors and the debtor are bound by a plan's provisions. *In re Emly*, 153 B.R. 57 (Bankr.D.Idaho 1993). The creditors are bound by the terms of this contract and have a justifiable expectation that they will be treated in accordance with its terms. Where a debtor seeks to modify the contract after confirmation, to change the terms for treatment of the creditors, the debtor must show some change in circumstance not foreseeable at the time of confirmation to support that modification. Equally as important as the existence of changed circumstances is the timing of the motion to modify in conjunction with the changed circumstance. If a debtor proffers loss of employment for a period as the changed circumstance, but waits over four years to move to modify because of it, the debtor's good faith is implicated. Similarly, if claims are higher than originally scheduled, but debtor waits until the end of the plan term to move to modify, the circumstances should be closely scrutinized for a debtor's good faith.

In the present case, debtor has offered no change in circumstances. Instead, she tacitly acknowledges that she has not performed her side of the contract by providing payments to the trustee sufficient to distribute 100% to unsecured creditors within the maximum sixty months allowed. Notwithstanding her unilateral breach of the contract, she asks that it be ignored and that she be given the full benefit of the Chapter 13 discharge she bargained for, while reducing by more than 50% the consideration she promised to pay unsecured creditors for it over 5 years ago. She has failed to meet her burden under § 1329(a) and the decisions discussed above.

Accordingly, the debtor's motion to modify her plan is denied. The trustee's motion to dismiss is granted. Counsel for debtor is allowed fees of $530, payable as an administrative expense, and subject to funds held by the trustee. The Chapter 13 Trustee shall submit a separate order of dismissal.

IT IS SO ORDERED.