**In re Kenneth Nolan FIELDS, Helen Eugenie Fields, Richard Edward Lewis, Sr., Debtors.**

Nos. 00–10476, 00–12110.

United States Bankruptcy Court, S.D. Ohio, Western Division.

Aug. 27, 2001.

**178**

Eric W. Goering, Cincinnati, OH, for debtors.

Becket & Lee LLP, Malvern, PA, for creditor.

First USA Bank, Austin, TX, pro se.

Max Recovery Inc., Newark, NJ, pro se.

## MEMORANDUM ON MOTIONS TO MODIFY

J. VINCENT AUG, Jr. and JEFFERY P. HOPKINS, Bankruptcy Judges.

The two cases captioned above are before the Court on motions for plan modification filed by the Chapter 13 Trustee, Margaret A. Burks ("Trustee").[1] The Trustee seeks to modify two "percentage" plans to increase the dividend paid on allowed unsecured claims to 100%. By her motions, the Trustee contends that 11 U.S.C. § 1325(b) applies to the modification process under 11 U.S.C. § 1329 so as to require the Debtors to increase their plan percentages. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (L), (O).

Both of the plans, confirmed prior to the expiration of the claims bar date, currently provide for a 70% dividend. Because the passage of the bar date proved allowed unsecured claims to be less than scheduled unsecured claims, the Debtors will complete their plans-absent modification-without surrendering all of their projected disposable income as defined under § 1325(b).[2] In *In re Fields*, the Debtors' projected disposable income is $28,800 ($800 × 36). However, the Trustee's records reflect that they are scheduled to complete payments under their plan after paying only $24,639.40. In *In re Lewis*, the Debtor's projected disposable income is $6,480 ($180 × 36). The Trustee's records reflect that he is scheduled to complete payments under his plan after paying only $3,613.69. The Trustee has identified an additional reason for the shortfall in *In re Lewis*. The plan provides for monthly payments of $150 on an arrearage owed to the Debtor's first mortgagee. However, on March 2, 2001, the first mortgagee obtained relief from the automatic stay-thereby eliminating the need to continue the arrearage payments.

---

1. Although the motions are pending before different judges, they will be adjudicated by this joint memorandum because they present a single legal issue upon which the judges wish to establish consistent rulings. This memorandum accompanies a companion memorandum which addresses the disposable income test in the context of plan confirmation. *See In re Bass*, 267 B.R. 812 (Bankr. S.D.Ohio 2001).

2. *See In re Bass*, 267 B.R. 812, 814 (Bankr. S.D.Ohio 2001) ("Because payments are complete under a percentage plan 'when allowed unsecured claim holders have been paid the stated percentage and all other payments required by the plan have been made,' 2 Keith M. Lundin, Chapter 13 Bankruptcy § 170.1 (3rd ed.2000), the percentage plan creates a potential conflict with the disposable income requirement. Notwithstanding a plan's apparent compliance with § 1325(b)(1) at the time of confirmation, it may later be discovered that a debtor is on schedule to complete payment of the relevant percentage before submitting all projected disposable income because claims actually paid through the plan turned out to be different from the debtor's preconfirmation assumptions.").

■ Neither the Trustee nor any of the unsecured creditors objected to confirmation pursuant to § 1325(b). Therefore, as a threshold matter, the Debtors have raised the issue of res judicata. *See* 11 U.S.C. § 1327(a).[3] Some courts have held that a trustee or an unsecured creditor cannot seek to increase payments through modification when the same party failed to object to confirmation pursuant to § 1325(b). *See e.g., In re Grissom,* 137 B.R. 689 (Bankr.W.D.Tenn.1992); *In re Woodhouse,* 119 B.R. 819 (Bankr.M.D.Ala. 1990). Nevertheless, § 1329 allows for the modification of a confirmed plan upon the request of a trustee or·an unsecured creditor. *See In re Brown,* 219 B.R. 191, 194 (6th Cir. BAP 1998) ("[T]he mechanism to change the binding effect of § 1327 is § 1329, which allows for modifications.") (citing *In re Witkowski,* 16 F.3d 739, 745 (7th Cir.1994)). Accordingly, the Trustee is not barred from pursuing her motions to modify although she did not object to confirmation of either plan.

Case law is "fractured" on the issue of whether § 1325(b) applies to a motion for plan modification.[4] *See* 3 Keith M. Lundin, Chapter 13 Bankruptcy § 255.1 (3rd ed.2000); *compare In re Forbes,* 215 B.R. 183 (8th Cir. BAP 1997) *with In re Martin,* 232 B.R. 29 (Bankr.D.Mass.1999). The debate primarily revolves around the construction of § 1329(b)(1), which provides:

> Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

Some courts hold that § 1325(b) does not apply to modification because § 1329(b)(1) fails to reference the subsection. *See e.g., Forbes,* 215 B.R. at 191. Other courts hold that § 1325(b) applies to modification because the preface of § 1325(a) cross-references § 1325(b).[5] *See e.g., In re Powers,* 140 B.R. 476, 480 n. 5 (Bankr.N.D.Ill.1992). Subsection (1) of § 1325(a) has also been cited as a means of incorporating § 1325(b). *See Forbes,* 215 B.R. at 191. Different rules of statutory construction can be employed to support either position. *See* 3 Keith M. Lundin, Chapter 13 Bankruptcy § 255.1 (3rd ed.2000).

The Sixth Circuit has indirectly addressed this issue in the context of a *debtor's* motion for modification. *See In re Freeman,* 86 F.3d 478 (6th Cir.1996). *Freeman* involved a debtor who sought modification to retain the exempt portion of a postconfirmation income tax refund notwithstanding plan language requiring the surrender of all refunds to the trustee for three years. Applying § 1325(b),

---

3. Section 1327(a) provides:
   The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

4. Section 1325(b)(1) provides:
   If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
   (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
   . (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

5. Section 1325(a) provides in material part:
   Except as provided in subsection (b), the court shall confirm a plan if—
   (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title[.]

the court concluded that the refund constituted projected disposable income and thereby denied the debtor's request for modification. *Freeman,* 86 F.3d at 481–82. Accordingly, it appears that courts within the Sixth Circuit are to apply § 1325(b) within the context of a *debtor's* motion to modify.[6] It is unclear whether the Sixth Circuit would apply § 1325(b) within the context of a trustee's or unsecured creditor's motion to modify. *See* 3 Keith M. Lundin, Chapter 13 Bankruptcy § 255.1 (3rd ed.2000) (disposable income test does not apply when proponent of modification is the trustee or unsecured creditor because § 1325(b) applies only upon objection to confirmation by the trustee or the holder of an allowed unsecured claim) (citing *In re Than,* 215 B.R. 430 (9th Cir. BAP 1997)).

▆▆▆ In any event, it is not necessary to decide whether the disposable income test applies in the context of a plan modification because the express language of § 1329(a)[7] permits such a modification without the need to incorporate § 1325(b). *See Than,* 215 B.R. at 436–38 (court to consider debtor's increased income among other factors); *In re Sounakhene,* 249 B.R. 801, 805 (Bankr.S.D.Cal.2000) (court has discretion to consider important components of disposable income test). The proposed modification is to be examined in light of the requirements set forth in

§ 1329(b) and (c) (which include all of the confirmation standards set forth in § 1325(a)) as well as the equities of the situation.[8] *See Than,* 215 B.R. at 436–38.

This conclusion is supported by the legislative history of § 1329. Prior to 1984, only a debtor was authorized to request a plan modification. *Barbosa v. Soloman,* 235 F.3d 31, 40 (1st Cir.2000). The 1984 amendment, which allowed Chapter 13 trustees and unsecured creditors to request plan modifications, was intended "to carry the ability-to-pay standard forward in time, allowing upward or downward adjustment of plan payments in response to changes in the debtor's financial circumstances which affect his/her ability to make payments." *Id.* (citations omitted); *see also In re Delmonte,* 237 B.R. 132, 138 (Bankr.E.D.Tex.1999) (underlying concept behind Chapter 13 plan is fulfillment of Congressional intent that debtor repay creditors to the extent of his ability).

Thus, we conclude that a change in the debtor's financial circumstances, including fewer claims being filed than anticipated, is a factor to be considered in the context of a trustee's or unsecured creditor's request for modification.

In both of the cases at hand, the precipitating factor for the Trustee's motions to modify was the fact that filed claims were

---

**6.** In practice, this could yield a harsh result for the debtor who experiences a loss in income and is unable to obtain a downward modification because he is not allowed to recalculate his projected disposable income.

**7.** Section 1329(a) provides:

At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

**8.** It is noted that § 1329 does not require an unanticipated or substantial change as a prerequisite to modification. *In re Brown,* 219 B.R. 191, 194 (6th Cir. BAP 1998).

lower than estimated. Also, in *In re Lewis,* a secured claim was eliminated. The Debtors, in their responsive briefs, did not contend that there had been any changes in their financial circumstances, i.e., decreased income or increased expenses. These factors are necessary to determine the feasibility of the proposed modification. Thus, the Debtors are hereby given twenty (20) days from the entry of this memorandum within which to file an affidavit setting forth any such changes. Upon the filing of a colorable affidavit, the Court shall set an evidentiary hearing. *See* 11 U.S.C. § 102(1). If no such affidavits are filed, the Trustee's motions to modify shall be granted upon entry of an order by the Court.