**In re Thomas E. PANCURAK, Debtor.**

**Thomas E. Pancurak, Movant,**

v.

**Ronda J. Winnecour, Trustee, Respondent.**

No. 01–11589.

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 21, 2004.

Michael J. Graml, Esq., Erie, PA, for Debtor.

Ronda J. Winnecour, Esq., Pittsburgh, PA, Chapter 13 Trustee.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

Thomas E. Pancurak ("Debtor") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on August 9, 2001. Debtor filed a Chapter 13 Plan on the same date (the "Plan"). Ronda J. Winnecour, Esq. ("Trustee") serves as Chapter 13 Trustee. Before the Court is Debtor's Motion to Compel Chapter 13 Trustee to Issue Discharge Pursuant to 11 U.S.C. § 1328(a).[1]

### Facts

Debtor's Plan was confirmed by Order dated November 30, 2001. The Plan is designed to pay a modified balance on a secured car loan, Debtor's attorney's fee, and an 11% distribution to unsecured creditors. The Plan contemplates total payments in the amount of $14,880 which, under the Plan, are to be paid at the rate of $310 per month for 48 months.

The Debtor consistently made regular monthly payments via wage attachment in the amounts required by the confirmed Chapter 13 Plan. On April 5, 2004, in month thirty-two (32) of the confirmed Chapter 13 Plan, Debtor made a lump-sum payment of $5,174.42 intending to pay off all remaining payments required under the Plan.[2] Debtor states that the source of the $5,174.42 payment was a tax refund and

---

1. All references to Code sections are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

2. Debtor's employer made five additional weekly deductions of $71.54 (5 × 71.54 = 357.70) before the wage allotment ceased, resulting in total payments to the Trustee of $15,237.70 or $357.70 more than originally contemplated under the Plan.

savings of the Debtor.[3] The amount paid is sufficient to meet the goals of the Plan, i.e., pay secured creditors in full, pay Debtor's attorney's fee, and provide an 11% distribution to unsecured creditors.

### Positions of the Parties

The Debtor posits that all payments required by the Plan have been made and therefore, Debtor is entitled to a discharge under § 1328(a).

The Trustee posits that, pursuant to § 1325(b)(1)(B), the Debtor must remain in bankruptcy and commit all of his disposable income to the Plan for a minimum of 36 months or pay a 100% dividend to unsecured creditors. The Trustee, therefore, asserts that the Debtor must continue making monthly payments through at least August, 2004, which is month 36 of the Plan, before discharge is appropriate, even though Debtor has, as of month 32, paid the total amount contemplated under the Plan.[4]

### Discussion

 Debtor is entitled to have a discharge granted only upon fulfillment of Debtor's obligations under the Plan. The question before us is what those obligations are. Both parties direct our attention to Code sections 1325, 1328, and 1329.

Section 1325 sets forth the requirements that must be met before a Chapter 13 plan can be confirmed. Under § 1325(a), the Court must confirm a Chapter 13 plan, in the absence of an objection by the Chapter 13 Trustee or an unsecured creditor, if (1) the plan satisfies the provisions of Chapter 13 and other applicable provisions of Title 11; (2) the requisite court fees and charges have been paid; (3) the plan is proposed in good faith; (4) the plan meets

the liquidation alternative test—the value, as of the effective date of the plan, of property to be distributed under the plan on account of each unsecured claim must be not less than the amount that would have been paid on that claim if the estate of the debtor were liquidated under Chapter 7 on the effective date of the plan; (5) each secured creditor has accepted the plan, or the plan provides that each secured creditor retain its lien in addition to receiving the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim, not less than the allowed amount of such claim, or the debtor surrenders the property securing such claim; and (6) the plan is feasible.

If the Chapter 13 Trustee or the holder of an unsecured claim objects to confirmation of a plan, attention must be directed to § 1325(b) which provides in relevant part:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b).

 Where the trustee or the holder of an allowed unsecured claim objects to a debtor's plan and the plan does not pro-

---

**3.** The Trustee denies any knowledge of the source of the funds.

**4.** Debtor made payments through April, 2004.

vide for repayment in full of all unsecured creditors, the plan can be confirmed only under § 1325(b)(1)(B) which requires all of the debtor's projected disposable income to be applied to unsecured debts for three years. *In re Anes*, 195 F.3d 177, 180 (3d Cir.1999). "The Code does not prohibit a plan that is less than 36 months in duration in the absence of an objection by the trustee or a creditor to the confirmation of a plan." *In re Than*, 215 B.R. 430, 437 (9th Cir. BAP 1997). "If the trustee and all creditors are satisfied with the plan and it complies with the Code, the debtor is not required to meet the best efforts test, *i.e.*, to apply all projected income to the plan for 36 months." *Id.* In this case, there were no objections to confirmation. The Plan provides, however, that the goals of the plan must be met and that one of those goals is a distribution "to general unsecured creditors consistent with the 'best effort' (11 U.S.C. § 1325(b)(1)(B))…requirements of the Bankruptcy code." Debtor's Plan met the "best efforts" test as it provided at the time of confirmation for distribution all of the Debtor's projected disposable income to unsecured creditors. There have been no significant changes to the Debtor's financial situation since confirmation. Debtor did not win the lottery or otherwise have a financial windfall.

■■■ "Another way of looking at the binding effect of confirmation of the plan is a contract between the debtor and the debtor's creditors." *Than* at 436 *citing In re Richardson*, 192 B.R. 224, 228 (Bankr. S.D.Cal.1996). The Plan required Debtor to make payment of $14,880 to creditors including an estimated 11 % distribution to unsecured creditors. "Payments under a confirmed plan are complete when the debtor fulfills all obligations to the creditors under that plan." *Bayshore Nat'l. Bank of Laporte v. Smith*, 252 B.R. 107,

109 (E.D.Tx.2000) *aff'd.* 252 F.3d 1357 (5th Cir.2001). Debtor has satisfied the "contract" both as to the amount and as to the estimated percentage distribution to unsecured creditors.

Section 1329 provides for the modification of a plan following confirmation:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim…

11 U.S.C. § 1329(a).

■■■ Under § 1329(a), the Trustee may request modification of the Debtor's plan but such a postconfirmation modification is not permitted after payments under the confirmed plan have been completed. *In re Profit*, 283 B.R. 567, 573 (9th Cir. BAP 2002).

Cognizant of the aforementioned differing schools of thought, this Court notes that those courts addressing the "completion of payments" issue have "generally …held that a plan is 'complete' when the debtor makes all the payments to the trustee." *In re Sounakhene*, 249 B.R. [801] at 803 [(Bankr.S.D.Cal.2000)], *citing In re Phelps*, 149 B.R. 534, 539 (Bankr.N.D.Ill.1993); *In re Moss*, 91 B.R. 563, 565 (Bankr.C.D.Cal.1988); *[In re] Casper*, 154 B.R. [243] at 247 [(N.D.Ill.1993)]. Therefore, when a debtor completes his obligations as provided for in the terms of a confirmed plan, that debtor has effected a completion of payments under such plan. See *Casper*, 154 B.R. at 246, *citing In re Chancellor*, 78 B.R. [529] at 530 [(Bankr. N.D.Ill.1987)]. "The bankruptcy courts should look to the substance of the plan and the nature of the debtor's total obligation to the allowed creditors in order to discern when payments under a plan are complete." *Casper*, 154 B.R. at 246,

*citing In re Chancellor,* 78 B.R. at 530 (emphasis added).

*In re Jacobs,* 263 B.R. 39 (Bankr.N.D.N.Y. 2001).

In this case, Debtor has made payment to the Trustee in an amount sufficient to meet all goals of the Plan and has effected a completion of payments under the Plan.

Section 1328(a) provides in relevant part that "[a]s soon as practicable after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge." 11 U.S.C. § 1328(a). "When a debtor completes paying the projected disposable income, the plan obligation is satisfied and the debtor is due a mandatory discharge." *In re Richardson,* 283 B.R. 783 (Bankr.D.Kan. 2002). We conclude that the Debtor has completed all of the payments required by the Plan and is entitled to a discharge. An Order discharging the Debtor will be entered.